CHARLES A. SCHMIDT

v.

JAMES SKELLY.

</div>

1. EXCEPTIONS.—Exceptions to orders and rulings of the trial court must be duly taken and properly preserved by a bill of exceptions, or they cannot be considered on an appeal.

2. MATTERS NOT OF RECORD.—All motions and orders made during the progress of a cause, except such as belong to the record proper, must be preserved by a bill of exceptions, in order to make them a part of the record to be considered on appeal.

APPEAL from the Circuit Court of Cook county, the Hon. THOS. A. MORAN, Judge, presiding. Opinion filed January 4, 1882.

James Skelly recovered judgment against Charles A. Schmidt, before a justice of the peace of Cook county, from which judgment Schmidt appealed to the circuit court. When the cause was called for trial, it was discovered that the transcript returned by the justice contained merely the record of a prior suit between the same parties; and thereupon the court ordered the defendant, within a time limited, to file a perfect transcript, the defendant, however, insisting at the time that the rule to file a transcript should be directed to the justice, and not to him. At the expiration of the time limited, no transcript having been filed, the appeal was, on motion of the plaintiff, dismissed at the defendant's costs, for non-compliance with the rule, and a *procedendo* awarded to the justice. A subsequent motion to vacate the order being overruled, the defendant brings the record to this court by appeal.

Schmidt v. Skelly.

Mr. H. S. BOUTELL, for appellant; that the rule to file a transcript should be entered against the justice before whom the case was tried, cited Rev. Stat. 1880, Chap. 79, §§ 65, 66;' Little v. Smith, 4 Scam. 400.

The appeal could not be dismissed until a transcript had been filed: Reed v. Driscoll, 84 Ill. 96; Sheridan v. Beardsly, 89 Ill. 477; Rosenberg v. Barrett, 2 Bradwell, 386; McManus v. McDonough, 4 Bradwell, 180; McMullen v. Graham, 6 Bradwell, 239; Woodhull v. Kelly, 6 Bradwell, 323; Faas v. O'Connor, 6 Bradwell, 593; Steinborn v. Thomas, 8 Bradwell, 515.

Mr. W. C. MINARD and Mr. W. H. SKELLY, for appellee.

BAILEY, J.   An insuperable obstacle in the way of our considering any of the errors assigned in this case is presented, by the fact that the record fails to show that any exception was preserved to any of the orders of which complaint is made. The record contains what is called a bill of exceptions, but that document contains no exception to any matter whatever. The only place in the entire record where mention is made of an exception, is in the order of the court overruling the motion to vacate the judgment, and there the clerk has recited that the defendant excepted to the ruling of the court in that behalf.   The rule requiring the defendant to file a transcript, and the subsequent order dismissing the appeal for non-compliance with that rule, do not appear to have been excepted to, and, as a necessary consequence, cannot be questioned here on appeal.   Hartford Fire Ins. Co. v. City of Paris, 8 Bradwell, 181 ; Duncan v. Chandler, 5 Id. 499 ; VanCott v. Sprague, Id. 99.

Nor is the exception even to the decision of the court overruling the motion to vacate the order of dismissal, properly preserved.   In VanCott v. Sprague, *supra*, we held that all motions and orders made during the progress of a cause, except such as belong to the record proper, must be preserved by bill of exceptions.   Tested by the rules laid down in that case, the motion, as well as the decision and exception, were not a part of the record proper, and could only be preserved

by bill of exceptions, so as to become a subject of review in this court.    There being then, no question presented by the record which we can consider, the judgment will be affirmed.

<div align="right">Judgment affirmed.</div>