SOLON BANFILL

*v.*

MARTHA A. TWYMAN *et al.*

172  123
181  152

|172   123|
| 94a ¹247|

*Opinion filed February 14, 1898—Rehearing denied April 7, 1898.*

1. APPEALS AND ERRORS—*failure to point out supposed errors in brief is a waiver.* Failure of appellant to point out in his brief supposed errors of the court in the admission or rejection of evidence is an abandonment of the assignment of error in that regard.

2. SAME—*whether plaintiff was entitled to recover under the evidence is a question settled in Appellate Court.* Whether the plaintiff was entitled to recover under the evidence is a question finally settled by the judgment of the Appellate Court.

3. SAME—*when Appellate Court's judgment must be affirmed.* Where, in suits at law tried without a jury, no propositions of law are submitted or questions of law otherwise preserved for review, the judgment of the Appellate Court must be affirmed.

*Banfill* v. *Twyman*, 71 Ill. App. 253, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McDonough county; the Hon. CHARLES J. SCOFIELD, Judge, presiding.

SOLON BANFILL, *pro se,* and W. W. MELOAN, for appellant.

SHERMAN & TUNNICLIFFE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This suit was brought by appellant, and his declaration contained counts in case and trespass, charging appellees with despoiling certain real estate of lumber, brick and other articles alleged to have been appurtenant to such real estate. An issue was presented by a plea of not guilty, and the parties waived a jury and submitted the issue to the court. Upon a trial the issue was found for the appellees and judgment was entered accordingly. The judgment has been affirmed by the Appellate Court.

The court sustained a demurrer to the first count of the declaration, but the decision was not assigned for error in the Appellate Court. The alleged errors presented to that court were, that the trial court erred in admitting improper evidence on the part of appellees and refusing to admit proper evidence offered by appellant; that the finding was contrary to the evidence and the law, and that the court erred in overruling the motion for a new trial and in rendering judgment. Appellant has not, in his brief, pointed out any supposed error in admitting or rejecting evidence, and the assignments of error in that regard are abandoned. *City of Mt. Carmel* v. *Howell,* 137 Ill. 91; *Harris* v. *Shebek,* 151 id. 287; *City of Springfield* v. *Coe,* 166 id. 22.

No proposition of law was submitted to the trial judge to be held or refused. The only argument here is, that

under the evidence appellant was entitled to recover, and upon this question of fact the judgment of the Appellate Court is final. There is no question of law to be considered, and under numerous decisions the judgment of the Appellate Court must be affirmed. *Chicago, Burlington and Quincy Railroad Co.* v. *City of Ottawa,* 165 Ill. 207.

The judgment is affirmed.        *Judgment affirmed.*

Mr. JUSTICE BOGGS took no part in this decision.