Lanyon v. Michigan Buggy Co.

---

## John B. Lanyon v. Michigan Buggy Co.

94   243
97  ⁴303
94   243
108  586

1. PRACTICE—*Nunc Pro Tunc Orders, When Proper.*—When an order entered on June 29, 1900, recited that the minute book of the court showed that October 2, 1899, there was a default taken against a defendant for want of a plea, and that the clerk inadvertently omitted to enter the order of default in the record, such being the case, *it was held* that the court had ample power at the time to amend the record of October 2d so as to show the default.

2. APPELLATE COURT PRACTICE—*When Recitals of the Clerk Are Not Equivalent to a Bill of Exceptions.*—Where no exception to an order amending the record has been preserved by a bill of exceptions or in any other legal way, and no exception to an order overruling a motion to vacate a judgment has been properly preserved, the Appellate Court is powerless to review such orders. The mere recital by the clerk that the defendant excepted is not sufficient to entitle a party complaining to have the orders reviewed in this court.

3. SAME—*When Evidence Must Be Preserved in the Bill of Exceptions.*—The Appellate Court will not set aside an order vacating a judgment overruling a motion to vacate or set aside an order vacating a judgment, in the absence of evidence, properly preserved, showing error in the overruling of the motion to vacate the judgment, the presumption being that the motion was properly overruled.

4. SAME—*Affidavits, When To Be Preserved by a Bill of Exceptions.* —Where an affidavit in support of a motion is not preserved by a bill of exceptions, it can not be considered by this court, although it appears improperly in the transcript.

Assumpsit.—Error to the Circuit Court. of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed March 14, 1901.

**Statement.**—Defendant in error was plaintiff and plaintiff in error was defendant in the trial court. The action was assumpsit and the declaration consisted of three special counts on three promissory notes made by the defendant payable to the plaintiff's order, and the common counts. February 18, 1899, an order was entered sustaining demurrer to defendant's first and second pleas. Subsequently, the cause was placed on the short cause calendar. In the record, under date October 2, 1899, the following appears:

" We, the jury, find the issues for the plaintiff and assess the plaintiff's damages at the sum of two hundred and three and 75-100 dollars.          C. C. SHINE, Foreman."

Under date October 2, 1899, the following entry appears in the record:

" This day again came the plaintiff by its attorney, and thereupon reference is had to a jury to assess plaintiff's damages herein. It is ordered that a jury come, whereupon come the jurors of a jury of good and lawful men, to wit: J. Sutcliffe, P. Shire, J. Welsh, F. Marvin, J. Sweet, J. Rafferty, J. Castens, H. Stezler, W. Long, B. Weinberg, P. O. Bogle, M. Reiter, who being duly elected, tried and sworn to assess the plaintiff's damages herein, and a true assessment render according to the evidence, after hearing all the evidence adduced, say: We, the jury, assess the plaintiff's damages at the sum of $203.75. Therefore it is considered by the court that the plaintiff do have and recover of and from the defendant, J. B. Lanyon, its said damages of $203.75, in form as aforesaid by the jury assessed, together with its cost and charges in this behalf expended, and have execution therefor."

There is no bill of exceptions in the record, but it appears from the transcript that October 14, 1899, the defendant made a motion to vacate the judgment, which was continued,

and October 21, 1899, the motion was overruled.   Immediately succeeding the order overruling the motion this follows:

" Thereupon the defendant, having entered his exceptions herein, prays an appeal from the above order of the court to the Appellate Court in and for the First District of Illinois, which is allowed on said defendant's filing herein his appeal bond," etc.

The transcript also contains an affidavit, apparently in support of the motion to vacate the judgment, sworn to October 13, 1899.

June 29, 1900, the following orders were entered in the cause:

" This day comes the plaintiff, by its attorneys, and it appearing to the court from an examination of the record that the order heretofore entered in this cause on the 12th day of May, A. D. 1899, is ambiguous and not as directed by the court to be entered at that date,

It is therefore ordered by the court that the order entered herein on the 12th day of May, A. D. 1900, be and hereby is amended and corrected by adding after the word ' affidavit ' and before the word ' is ' in the last line of said order the words ' of David K. Cochrane,' so that said order shall read as follows:

' On motion of defendant's attorney it is ordered that leave be, and the same is hereby given, said defendant to restore record by filing two pleas as the original in this case, to which affidavit of David K. Cochrane is attached.'

It is further ordered that this order be entered *nunc pro tunc* as of May 12, A. D. 1900.

Michigan Buggy Company, )
175026  .  vs.  } Confession.
     J. B. Lanyon. )

This day again came the plaintiff, by its attorney, and it appearing to the court from the minute book of this court that on October 2, A. D. 1899, there was a default taken against the defendant for want of a plea, and that the clerk in expanding said order on the record of this court did inadvertently omit to write the default against the defendant for want of a plea,

It is therefore ordered that the order entered herein on October 2, A. D. 1899, be, and the same is hereby amended by inserting in the proper place in said order the following words, to wit:

' On motion of plaintiff's attorney it is ordered that the default of said defendant be taken, and the same is hereby entered herein of record for want of a plea filed in said cause.'

It is further ordered that this order be entered herein *nunc pro tunc* as of October 2, A. D. 1899."

The pleas to which the affidavit of David K. Cochrane is attached and which were, by the preceding 'order, allowed to be restored, are not set out in the abstract. The only reference to pleas is in an affidavit of Justice Chancellor, erroneously copied by the clerk into the transcript, in which the affiant says:

"That the annexed are substantially the pleas which were filed therein, namely:

First. General issue in assumpsit.

Second. General issue in debt.

Third. Plea of breach of warranty and non-performance of a special contract therein set up.

Fourth. Plea of set-off.

And that the first and fourth pleas have not been disposed of. Affiant further says that with said pleas was filed an affidavit of merits by the defendant stating ' that he has a good defense to said suit upon the merits to the whole of plaintiff's demand.' "

THORNTON & CHANCELLOR, attorneys for plaintiff in error.

MEEK, MEEK, COCHRANE & MUNSELL, attorneys for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The foregoing statement would seem sufficient of itself to dispose of this writ of error, without comment. Nevertheless we proceed to discuss the grounds for reversal relied on by counsel for plaintiff in error in their argument.

It is contended that the only proper judgment, if any, which the court could enter, is a judgment on the so-called verdict of a jury copied into the transcript, finding the issues for the plaintiff, etc. The only record showing the impaneling of a jury, is that impaneling a jury to assess

damages, which record is quoted in the preceding statement, and the name " C. C. Shine," signed as foreman to the paper purporting to be a verdict finding the issues for the plaintiff, is not the name of any juror impaneled. In the abstract of plaintiff in error the name of the supposed foreman is printed " C. C. Shire," but in the record it is " C. C. Shine." Neither C. C. Shire nor C. C. Shine was impaneled as a juror.

It is assigned as error that the court erred in sustaining a demurrer to the defendant's pleas. The pleas to which the affidavit of Cochrane was attached are the only pleas which we could consider in passing on this objection, and neither of those pleas, nor the substance of them, is set out in the abstract; therefore we can not consider them. It is thoroughly settled that everything on which error is assigned must appear in the abstract. Knefel v. Swartz, 70 Ill. App. 371; Dickinson v. Gray, 72 Ib. 55; Gibler v. City of Mattoon, 167 Ill. 18; Staude v. Schumacher, 187 Ib. 187.

The sufficiency of the pleas is not even argued by counsel for plaintiff in error. It is merely suggested that the ruling on the demurrers is assigned as error.

In Banfill v. Twyman, 172 Ill. 123, the court say : " Appellant has not, in his brief, pointed out any supposed error in admitting or rejecting evidence, and the assignments of error in that regard are abandoned." In the present case no error has been pointed out in sustaining the demurrer to the pleas.

It is objected that the court was powerless to amend the order of October 2, 1899, by the *nunc pro tunc* order of June 29, 1899, so as to show that a default was taken October 2, 1899. The order of June 29th recites that the minute book of the court showed that October 2, 1899, there was a default taken against the defendant for want of a plea, and that the clerk inadvertently omitted to enter the order of default in the record. Such being the case, the court had ample power to amend the record of October 2d, so as to show the default. Coughran v. Gutcheus, 18 Ill. 390; Church v. English, 81 Ill. 442.

It is sufficient, however, to dispose of this objection, that no exception to the order amending the record has been preserved by bill of exceptions or in any other way. No exception to the order overruling the motion to vacate the judgment has been properly preserved. We can not review that order in the absence of a bill of exceptions showing an exception to it. The mere recital by the clerk that the defendant excepted, is not sufficient to entitle plaintiff in error to have the order reviewed. Schmidt v. Kelly, 9 Ill. App. 532.

But even though an exception to the order had been properly preserved it could not be set aside in the absence of evidence showing error in the overruling of the motion to vacate, the presumption in such case being that the motion was properly overruled. Bulger v. Hoffman, 45 Ill. 352.

The affidavit in support of the motion can not be considered, because, not being preserved by bill of exceptions, it is improperly in the transcript. Horn v. Neu et al., 63 Ill. 539; Wright v. Hatchett, 12 Ill. App. 261. See also Knott v. Swannell, 91 Ill. 25, and Stern v. The People, 96 Ib. 475.

By reason of the views expressed and the conclusion arrived at, it is unnecessary to pass on the motion of defendant in error to strike from the files the supplemental and additional transcripts of the record, which motion was reserved till the hearing.

The judgment will be affirmed.