Crowley, Cook & Co. v. Sumner.

## Crowley, Cook & Co. v. Willis A. Sumner.

1. APPELLATE COURT PRACTICE—*Motions and Affidavits to be Preserved in a Bill of Exceptions.*—An appellant assigned as error " that the court refused his motion, supported by affidavit, for a continuance, but as he preserved neither motion nor affidavit by a bill of exceptions, the alleged error is not before the Appellate Court for consideration.

2. SERVICE OF PROCESS—*Upon Corporations.*—Under the statute (R. S., Ch. 110, Sec. 4) authorizing service of process on private corporations, such service may be made by leaving a copy of the process with its president, if he can be found in the county, but if he can not be so found, then by leaving a copy with any clerk, secretary, superintendent, general agent, cashier, director, station agent, or any agent found in the county.

3. SAME—*Who is an Agent Within the Meaning of the Statute.*—A person appointed by a corporation to solicit orders for consignments of merchandise in which it dealt, and paid by it for his services measured by his success in securing shipments, is an agent within the meaning of the law, and service of process upon him is sufficient service upon the corporation, under the statute.

4. SAME—*Sufficient Return of the Officer Making the Services.*—The return of a sheriff indorsed on the back of a summons showing service by delivering a true copy of the same, etc., "to P. M. B., agent of the within named Crowley, Cook & Co., the president of the said Crowley, Cook & Co. not being found in my county," etc., is a sufficient return of service under the statute.

**Assumpsit**, for balance of a salary. Appeal from the Circuit Court of Union County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

ELDON J. CASSODAY and RUSH C. BUTLER, attorneys for appellant; PICKRELL & LYERLE, of counsel.

JAMES LINGLE, attorney for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

This is an action in assumpsit against appellant, a corporation, to recover a balance claimed to be due appellee for salary under a contract of employment.

The return of the sheriff on the back of the summons shows service, " by delivering a true copy of the same on September 9, 1900, to P. M. Ballard, agent of the within named Crowley, Cook & Co., the president of the said Crowley, Cook & Co. not being found in my county," etc.

Appellant filed a plea in abatement denying service upon it; denying that P. M. Ballard was its agent; averring that its office and principal place of business was in Chicago, and denying that it had any office or place of business in Union county or outside of Cook county.

To this plea appellee replied, and upon the issue thus formed on the plea of abatement, a trial was had by jury. and a verdict rendered for appellee. Appellant was then defaulted and the court, upon hearing evidence, rendered

judgment in favor of appellee for $150 and costs, from which this appeal.

Two errors are urged by appellant as causes for reversal. One is, that the court refused appellant's motion supported by affidavit for a continuance. As neither motion nor affidavit is presented in the bill of exceptions, this alleged error is not before us for consideration. Horn v. Neu et al., 63 Ill. 539; Lanyon v. Mich. Buggy Co., 94 Ill. App. 243.

The other error urged is that the evidence fails to show that Ballard was an agent of appellant, and that, not being an agent, no service was had upon appellant.

Appellant carried on a commission business in Chicago for the sale of fruits, soliciting shipments in the country, through persons who were paid by it a per cent upon consignments secured. P. M. Ballard acted for it at Cobden, Illinois, a point from which large quantities of fruit were shipped. He received four per cent commission from appellant on all consignments procured by him to be shipped to appellant at Chicago. He had no office at Cobden and was not authorized to contract for fruits at fixed prices, and payments were made by appellant directly to parties who shipped the fruit. He testifies, in substance, that " I was not authorized to do any other business for them except soliciting consignments. I took their stamps and gave them to the people I got to ship to them. Gave each of them a rubber stamp, furnished by the company, with which they marked their goods, and I reported the names corresponding with the number on the stamps to Crowley, Cook & Co. * * * I was to solicit in Cobden and vicinity. I was simply local fruit solicitor for them. Shippers would come to me if there was any shortage and I would notify the house."

Under these conditions, appellant asked the court to instruct the jury that " when a person's only authority to act for an incorporated company is to solicit shipments to such company, and he has no authority to make purchases or contracts for or on behalf of said company, then I instruct you that he is not an agent of said company so as

to authorize service of process upon him as an agent, and such a service of process is void and is not binding upon said company."

This instruction the court refused. The decision of the case turns upon the correctness of this ruling by the court.

The statute (Ch. 110, Sec. 4) authorizing service of process on private corporations, is as follows:

" An incorporated company may be served with process by leaving a copy thereof with its president if he can be found in the county in which the suit is brought; if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, director, station agent, or any agent of said company found in the county," etc.

The language of the statute is broad, and considering the fact that the commercial, manufacturing and transportation business of the country is to-day mainly carried on by corporations that act through agents, it should be liberally construed to effect what was clearly the intention of the legislature to secure. Corporations doing business over wide areas of territory, are practically beyond the jurisdiction of local courts in such territory where the business is done, unless they can be reached by service upon their representatives there found. That a representative for limited purposes may be an agent for purposes of service under the statute, is plainly seen from the fact that not only a general agent may be served, but also any agent may be served.

Anderson's Law Dictionary defines an agent as " A person employed by another to act for him." In this case, Ballard was appointed by appellant to solicit consignments at Cobden, and was paid by appellant for his services. He acted for appellant to this extent. He was furnished by appellant with rubber stamps to give shippers to mark their goods for appellant, and forwarded to appellant the names or numbers corresponding thereto, thus putting shippers and appellant in touch with each other. It is a matter of common knowledge and experience that solicitors of business for their principals, represent and urge the advantages of doing business with their principals. Ballard was ap-

pointed for this purpose, and his pay by appellant was measured by his success in securing shipments. He was to this extent an agent of appellant, and as the statute authorizes services upon any agent, without defining the extent of his agency, but clearly implying that, as distinguished from a general agent, he may be an agent with limited powers, we think that service upon Ballard, by virtue of the statute, was service upon his principal.

The case of Union Pacific R. R. Co. v. Miller, 87 Ill. 45, cited by appellant, is not in point. In this case the party served was not appointed an agent by the corporation. Mr. Justice Breese says in his opinion, " Baker had no such connection with the Union Pacific Railroad Company as to constitute him an agent. He had no direct communication with the company in the exercise of its franchise as a railroad company and no executive duties to perform, and *did not receive his position from the corporation.*" He was in fact an agent appointed by a land commissioner, himself an agent for and appointed by trustees who held the title of lands for the use of the company.

If Ballard had been a sub-agent appointed by an agent of appellant, and working for and paid by said agent, the case would be in point.

In Fairbank & Co. v. C. N. O. & T. Ry. Co., 54 Fed. Rep. 420, cited by appellant, the court says in its opinion, " The defendant had no agent or representative in Illinois to bind it by any kind of contract. It had no property or officer, and no office for the transaction of business in this State. * * * And these persons were mere solicitors of business and not officers or agents of the defendant, within the meaning of the statute," citing Wall v. C. & O. R. Co., 95 Fed. Rep. 398. Counsel, in their brief, referring to the person upon whom service was had in the case cited, say: " His authority was strictly limited to conveying information concerning existing rates, and concerning the connections and time made and facilities possessed by the defendant in and about its passenger traffic." In other words, he was a mere railroad guide, a bureau of infor-

mation, and nothing more. A careful examination of the facts, shows a clear distinction between the relations of the employes in these cases who were served with process, and the relations of Ballard to appellant. Ballard was more than a mere bureau of information. He did more than merely solicit business. He was furnished by appellant with rubber stamps to give to shippers with which to mark and identify their goods. When he gave a stamp to a consignor he reported the fact to appellant, and the number of the stamp, thus putting consignor and consignee in business contact.

To this extent he was an agent, and as such could be served with a summons that gave the court jurisdiction over appellant. Judgment affirmed.