## Ossian Cameron, Plaintiff in Error, v. Illinois Steel Company, Defendant in Error.

### Gen. No. 15,616.

1. ASSUMPSIT—*what essential to recovery upon assignment of chose in action.* In order to recover upon an assignment of a chose in action it is essential that the plaintiff establish, first, that there was a cause of action, second, that it was such a cause of action as could be assigned, and third, that it has been assigned.

2. ASSIGNMENTS—*what chose in action not assignable.* A cause of action to recover damages for injury to the person is not assignable.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed June 16, 1911.

A. S. LAKEY, for plaintiff in error.

KNAPP & CAMPBELL and WILLIAM BEYE, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

Ossian Cameron, plaintiff in error, brought suit against the Illinois Steel Company, defendant in error, in the Municipal Court of Chicago, as an assignee of an alleged chose in action of one Joseph Guzowski, against it. Plaintiff in error claims that his suit was brought under section 18, chapter 110, of the Revised Statutes, which authorizes a suit upon any "chose in action, not negotiable, heretofore or hereafter assigned," in the name of the assignee, a *bona fide* owner thereof.

This cause was tried in the Municipal Court of Chicago without a jury. Plaintiff's statement of claim was as follows:

"KNOW ALL MEN THAT I, Joseph Guzowski, of Chicago, Illinois, do hereby make, constitute and appoint Ossian Cameron, an attorney at law of the state of Illinois, residing

at Chicago, Cook county, in said state, my true and lawful attorney in fact, (and said appointment coupled with an interest, is hereby made irrevocable) for me and in my stead, to ask, present, demand, sue for, collect, receive, receipt for, endorse in my name, any voucher, order, draft, check or other instrument of writing, and to sign in my name and acknowledge for me before any officer authorized to take acknowledgments, any release, voucher, or other instrument in writing, that may be necessary, required or desired, for all debts, demands, claims or compensation, owing, due or claimed by me, from Illinois Steel Company or its legal representatives, of any nature whatsoever, and especially a claim now before said * * * wherein I received personal injuries, on or about November 16th, 1907, and empowering said Ossian Cameron, my said attorney, to do and perform all acts and things in the execution of the aforesaid business as fully and completely as I might, were I present in person. I also request my said attorney to deliver a duplicate hereof to said Illinois Steel Co. for filing with its records in said matter.

As compensation to said Cameron for his services herein I agree to pay him one-half of any amount recovered by any means on account of said claim, and to secure him I hereby assign to him said cause of action and my judgment that may be recovered thereon. In case of settlement direct with me, I hereby direct said company to pay one-half of the amount of settlement to said Cameron as and for his attorneys' fee herein.

In witness whereof, I have hereunto set my hand and seal at Chicago, Cook County, Illinois, this 24th day of February, A. D. 1908.

JOSEPH GUZOWSKI.    (Seal)."

This instrument appears to have been duly acknowledged on its date before a notary public.

The cause was heard upon an agreed statement of facts, in which it appeared that at and prior to November 1, 1906, the Steel Company was operating a steel plant in Chicago, and had in its employ in said plant as a laborer one Joseph Guzowski, under a contract of hiring, who, in the course of his said employment suffered a fractured skull on, to-wit:

November 16, 1907, and that thereafter and on the 24th of February, 1908, he executed an instrument in writing (hereinbefore set out in the statement of claim, being the power of attorney, etc.).

It was further stipulated that the original of said writing between Guzowski and Cameron was served upon the company and acknowledged and receipted for by them on the day of its date, and that thereafter and on the 4th of May, 1908, an action in trespass on the case was commenced by Guzowski against the company in the Superior Court of Cook county, cause No. 266,537, entitled "Joseph Guzowski v. Illinois Steel Company," in which suit a declaration was filed which began as follows: "Comes now the plaintiff by Ossian Cameron, his attorney, and complains of the Illinois Steel Company, a corporation, defendant, of a plea of trespass on the case,"—and this is followed by six counts, each count alleging the employment of Guzowski and the breach of a contract duty on the part of the Steel Company as follows: In the first count, the duty of defendant to provide a reasonably safe place in which he should work; in the 2d, the duty of the defendant to provide reasonably safe equipment and appliances, etc.; in the 3rd, the duty of the Company to exercise reasonable and ordinary care to select reasonably safe and careful fellow servants; in the 4th, not to expose him to extra hazard and danger; in the 5th, to exercise reasonable and ordinary care in directing him about his employment; and in the 6th, to use ordinary care in lining a ladle,—and each count closed with an averment of the breach of the duty in that count alleged, and consequent damages.

In said agreed statement of facts it was further stated that the above declaration was the only one filed in said suit, and that Ossian Cameron appeared therein as the attorney for Joseph Guzowski; that thereafter Cameron entered into negotiations with the Steel Company for the purpose of having the settlement of the claim made for Guzowski by reason of the injuries received as aforesaid, and that thereafter and on July 20, 1908, the Company paid to Guzowski the sum of

$1500, in consideration of which Guzowski released the Company of all claims against it, which might exist by reason of any injuries received while in its employ. It was further stipulated that Cameron has not yet received from the Steel Company or Guzowski any part of the money so paid in settlement, or any equivalent therefor.

Plaintiff in error, Cameron, contends in this suit that:

1. A right of action for personal injury survives the death of the injured person and therefore is assignable.

2. The assignee and equitable and *bona fide* owner of any "chose in action not negotiable heretobefore or hereafter assigned, may sue thereon in his own name, etc."

3. To determine the nature of a cause of action, whether for a tort or on promises, the substance of the declaration must be looked to.

4. Assumpsit is technically an action on the case, and may be resorted to when there is a breach of contract, express or implied, for the payment of money or for the performance or omission of any other act.

Defendant in error contends that nowhere in this case is it shown that Guzowski had any cause of action against it. He was injured while working for it in the course of his employment, and, unless the defendant was liable for the injury, there was no cause of action in Guzowski, and, therefore, he could not assign to Cameron what did not exist. It further contends that a cause of action for recovery of damages for personal injuries is not assignable under any circumstances.

On the first page of the brief and argument for plaintiff in error, counsel says: *"The chose in action in* Guzowski, the assignor, arose out of *the claim against the Illinois Steel Company for breach of a contract of hiring,* as appears in the agreed stipulation of facts," while in the agreed statement of facts the only reference to the accident is that, "in the year 1907 the Illinois Steel Company had in its employ in said plant, as a laborer, one Joseph Guzowski, under a contract of hiring, who in the course of his said employment suffered a fractured skull on, to wit: November 16, 1907." This admission by no means sustains the contention of plain-

tiff in error. The injury may have been received by Guzowski because of the negligence of a fellow servant, or through his own contributory negligence or as a result of one of the assumed risks of his employment, in any of which cases it is clear that there would be no liability on the part of the defendant, and no cause of action in Guzowski.

In this suit Cameron relied upon an assignment of an alleged cause of action. To maintain his suit he must establish by proof at least three things; first, that there was a cause of action in Guzowski; second, that it was such a cause of action as could be assigned; and, third, that it has been assigned. There being no proof made, nor any admission by defendant of such cause of action, the plaintiff must necessarily fail. The mere fact that the Steel Company paid to Guzowski a sum of money, does not establish a cause of action against it, even though it took a release from him. Of course, if there was no cause of action, Cameron could acquire nothing by the assignment to him. We are clear, therefore, that plaintiff in error failed to establish his case, even if the cause of action were assignable.

Having said this much, it is, perhaps, unnecessary to consider the other phase of the case, and yet it may be worth while to consider whether the cause of action was such a one as could be assigned.

As is well stated in the brief and argument for plaintiff in error, "to determine the nature of the cause of action, whether for a tort or on promises, the substance of the declaration must be looked to." Applying this to the declaration filed in the suit against the Steel Company in the Superior Court of Cook county, we think it was clearly an action on the case for negligence, and not an action of assumpsit based upon a contract. It frequently happens that the same transaction will sustain an action in tort, or the tort may be waived and an action of assumpsit maintained, but these cases do not include an action for a personal injury, resulting from the negligence of the defendant.

We regard the law in this state as settled that a cause of action to recover damages for injury to the person is not

VOL. CLXII.—30.

assignable. North Chicago Street Ry. Co. v. Ackley, 171 Ill. 100. Beginning on page 108 the court in their opinion says:

"On grounds of public policy the sale or assignment of actions for injuries to the person are void. The law will not consider the injuries of a citizen, whereby he is injured in his person, to be, as a cause of action, a commodity of sale."

Since the decision in the Ackley case three propositions applicable to this case seem settled: First, that it is unimportant here whether or not a right of action for a personal injury survives, and, second, that it is unimportant whether the form of the action be in assumpsit or in tort; and, third, if the cause of action be for damages for the injury to the person, it is not assignable.

If we correctly apprehend the contention of plaintiff in error, it is that by the so-called assignment from Guzowski, with notice to the Steel Company, he thereupon became vested with the entire cause of action, and, therefore, Guzowski could not make any settlement of it with the Steel Company. This contention, if sustained, would prevent any settlement or compromise by Guzowski, though it appears that the contract did not so provide, and if the contract did so provide it would be in violation of the law as stated by the Supreme Court on page 113 in the Ackley case, where it says that: "Any contract whereby a client is prevented from settling or discontinuing his suit is void, as such agreement would foster and encourage litigation." Clearly the cause of action could not be divided. It must exist either in Guzowski or in Cameron, and in this state at least since the decision in the Ackley case, attempted assignment of this alleged cause of action, being for an injury to the person of Guzowski, would be void on the grounds of public policy.

The judgment of the court below must be affirmed.

*Affirmed.*