# CASES

## THIRD DISTRICT

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEARS 1913 AND 1914.

Adam Hess, Appellant, v. Board of Trustees of the Police Pension Fund of the City of Bloomington, Appellee.

1. MUNICIPAL CORPORATIONS, § 143*—*right of policeman to pension.* A policeman is entitled to become a pensioner of fund under chapter 24, p. 376, Hurd's R. S., J. & A. ¶ 1877, though his twenty years' service was not continuous for such period.

2. MUNICIPAL CORPORATIONS, § 143*—*sufficiency of demand to be placed on police pension roll.* A written application to a trustee of the police pension fund to be placed on the pension roll *held* a sufficient demand, if any demand is necessary.

3. MUNICIPAL CORPORATIONS, § 143*—*section 7 of Police Pension Act construed.* Section 7 of the act creating a pension fund for policeman, (chapter 24, p. 376, Hurd's R. S., J. & A. ¶ 1881) has no application to a policeman who has not retired under the act.

4. MUNICIPAL CORPORATIONS, § 143*—*section 1 of Police Pension Act construed.* Clause 5 of section 1 of the act creating a pension fund for policemen (J. & A. ¶ 1875) does not apply to a policeman who has never been a pensioner.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

(8)

October term, 1913. Reversed and remanded with directions. Opinion filed December 27, 1913. Rehearing denied April 9, 1914.

MURRAY & MORRISSEY, for appellant.

· A. W. PEASLEY, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellant filed his petition for a peremptory writ of mandamus in the Circuit Court of McLean county to compel the Board of Trustees of the Police Pension Fund of the City of Bloomington, appellee, to designate him as a pensioner of said fund and place his name on the pension roll under an act of the Legislature creating pension funds in cities having a population of not less than 20,000 and not more than 50,000 (chapter 24, page 376, Hurd's R. S., J. & A. ¶ 1877.) The case was tried upon a stipulation of facts and the writ denied.

At the time the act went into effect appellant was fifty-four years of age and had served upon the police force in the City of Bloomington at different times prior to November 17, 1909, a total of twenty-four years, but he had at no time served for a period of· twenty years continuously. On November 17, 1909, he was discharged from the police force and was not a member from that time until May, 1911, when he was reinstated and again began service, and from that time to the present has been on the police force.

It is contended by appellee that twenty years "continuous" service is necessary under the act to entitle a policeman to become a pensioner of a pension fund. The word "continuous" is not used in the act. There are a number of acts providing for pensions for different employments and in only one is the word "continuous" used. The act providing for pensions for firemen as amended in 1907 (J. & A. ¶ 1897) provides that the last two years of the employment shall be continu-

ous, thus indicating that the service for the balance of the time need not have been continuous.

No such expression is used in the act in regard to policemen, and it is clear that if the Legislature had intended that the twenty years' service should have been continuous it would have so stated. It is also insisted that a formal demand should have been made upon the Board of Trustees by the petitioner to place him upon said pension roll. The statute does not provide for any formal demand. The stipulation of facts shows that the petitioner presented a written application to be placed on the pension roll to one of the trustees. If any demand was necessary this was sufficient. It is also contended that petitioner did not report every thirty days to the Board under section 7 of the act (J. & A. ¶ 1881). This section provides that all members of the police force "who may be retired under the provisions of this act, except those who voluntarily retire after twenty years' service, shall report to the chief of police  *  *  *  on the second Tuesday of each and every month," etc. This had no application to the petitioner because he had not been retired under said act. It is further objected that the petitioner did not contribute to the pension fund under clause 5 of section 1 (J. & A. ¶ 1875). This clause provides that one per cent. per month shall be paid or deducted from the pension of every police pensioner. It is apparent that the petitioner never having been a pensioner, there was no duty on him to either pay or have deducted anything from a pension which he did not have.

The judgment of the trial court will be reversed and the cause remanded with directions to issue the writ as prayed for in the petition.

*Reversed and remanded with directions.*