## The People of the State of Illinois ex rel. Nellie Mc-Graham, Appellee, v. J. E. Armstrong et al., Appellants.

## Gen. No. 6,102.

1. PLEADING, § 190*—*when matters of form not questioned by general demurrer.* On a petition for mandamus against the trustees of the policemen's fund of a city filed by the widow of a deceased policeman, to compel the payment by them to her of an amount claimed to be due from such fund, objections that the petition is defective in not alleging facts to show that an ordinance creating

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the office of policeman in such city was duly adopted by a vote of two-thirds of all the duly elected aldermen; that the allegation that the husband was duly appointed policeman is not sufficient; that it did not show that he was duly nominated and confirmed every two years after his original nomination and confirmation; that it did not allege the deduction from his salary of the amount of one per cent. per month nor that such amount was paid by him into the fund, relate to matters of form and not of substance, and cannot be reached by a general demurrer, but must be questioned by special demurrer.

2. LIMITATION OF ACTIONS, § 12*—*what limitation applicable to petition for mandamus to compel payment.* The ordinary statute of limitations is applicable to a petition by the widow of a policeman for mandamus to compel the payment of a pension claimed to be due from the fund created by the Police Pension Fund Act of 1909 (J. & A. ¶ 1875), and where the evidence shows that the policeman died on January 7, 1912, demand was made March 12, 1914, and the proceeding was instituted April 2, 1914, the proceeding is not barred.

3. EQUITY, § 85*—*when claim not barred by laches.* Where the act creating a police pension fund (J. & A. ¶ 1875), and the ordinance of a city enacted pursuant thereto contain a provision for pro rata payments to the beneficiaries when there are not sufficient funds on hand to pay the allowances, a delay of two years and three months in bringing suit to recover such pension cannot be held laches.

4. MUNICIPAL CORPORATIONS, § 143*—*when defense of insufficiency of fund to be interposed in answer.* On a petition for mandamus to compel the payment to a policeman's widow of a pension out of the fund created by the Police Pension Act of 1909 (J. & A. ¶ 1875), which act and the ordinance adopted pursuant thereto contain a provision for pro rata payments where the fund is insufficient to meet all allowances, the defense that such deficiency exists must be set up in the answer.

5. MUNICIPAL CORPORATIONS, § 143*—*when right to benefit of police pension fund accrues.* To entitle a policeman's widow to a pension under the Police Pension Fund Act of 1909 (J. & A. ¶ 1875). and an ordinance adopted pursuant thereto, it is not necessary that the husband's death shall not have occurred until ten years after the ordinance has been in force, but her right to such pension accrues even though he dies in less than two years after the ordinance goes into effect.

6. MUNICIPAL CORPORATIONS, § 143*—*when ten years' continuous service not essential to entitle to benefit of police pension fund.* The Police Pension Fund Act of 1909 (J. & A. ¶ 1875), does not require

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that the ten years' service provided for therein shall have been ten continuous years' service.

7. MUNICIPAL CORPORATIONS, § 143*—*when dependency not prerequisite to right of widow to benefits of police pension fund.* The pension provided for by the Police Pension Fund Act of 1909 (J. & A. ¶ 1875), and an ordinance adopted pursuant thereto, is payable to the widow in any event, whether or not she was dependent upon the husband for support.

8. MUNICIPAL CORPORATIONS, § 143*—*when subsequently appointed policemen entitled to benefits of pension fund.* The Police Pension Fund Act of 1909 (J. & A. ¶ 1875), and an ordinance adopted pursuant thereto, do not restrict their application to policemen who were such at the time the ordinance went into effect, but include also those subsequently appointed.

9. MUNICIPAL CORPORATIONS, § 143*—*when policeman acting as merchant policeman comes within the fund.* The fact that during a portion of his service a policeman acted as merchant policeman, receiving one-half of his pay from merchants of the city and the other half from the city does not prevent his widow from being entitled to the benefits of the fund provided for by the Pension Fund Act of 1909 (J. & A. ¶ 1875), and an ordinance adopted pursuant thereto.

10. APPEAL AND ERROR, § 1712*—*when points not argued in briefs waived.* A point not argued in appellant's briefs is waived by him.

Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

E. P. LATHROP, ROBERT LATHROP and ROY H. BROWN, for appellants.

E. D. REYNOLDS, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Mrs. Nellie McGraham, the widow of a policeman, filed in the Circuit Court of Winnebago county a petition for a writ of mandamus against the trustees of the policemen's fund of the City of Rockford to command them to pay her $1,040 from the pension fund. The trustees filed a general and special demurrer to said petition. Afterwards, by leave of court, they

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

withdrew said demurrer, and filed another general and special demurrer in which more grounds of special demurrer were alleged. The court overruled said demurrer and the respondents answered the petition. Thereafter, they withdrew that answer and elected to abide by their demurrer, and petitioner had judgment awarding a peremptory mandamus against said trustees, directing them to pay the petitioner, out of the funds in the hands of the treasurer of said trustees, $1,040 in accordance with an ordinance of said city. The respondents appealed. Appellee contends that appellants, by answering after their demurrer had been overruled, abandoned their demurrer, and that the record was then the same as if no demurrer had been filed, and that as they did not refile a demurrer after withdrawing their answer, they had nothing before the court. Without passing upon the merits of this contention, we have decided to treat the case as if the ruling upon the demurrer was properly before this court.

This proceeding is under the Act of 1909 (J. & A. ¶ 1875) for the establishment of a police pension fund in cities, the title of which was amended in 1913. The last sentence of section 6 of said Act (J. & A. ¶ 1880) is as follows: "Whenever any member of a police force shall die after ten years' service therein and while still in the service of such city, village or town, leaving a widow or child or children under the age of sixteen years or dependent parent upon such policeman for their maintenance and support, then upon satisfactory proof of such facts made to it, said board shall order and direct that a pension equal to one-half of the salary of such policeman: *Provided, however,* that the sum shall not be more than $600.00 per year, shall be paid to such widow, or, if there be no widow, then to such child or children until they shall be sixteen years of age, or if there be no widow, or child under the age of sixteen years, then to such parent

or parents as is or are dependent upon such policeman for their support, said pension to cease upon the marriage, as is heretofore provided.'' The petition filed by Mrs. McGraham alleged that on May 6, 1895, J. T. McGraham was duly appointed assistant marshal and policeman in and for the City of Rockford, and thereafter, on May 15, 1895, the mayor and city clerk of said city duly commissioned said McGraham as such assistant marshal and policeman for such city; that McGraham continued in such employment as a policeman in the City of Rockford, and performed all his duties as such police officer from said date until January 7, 1912, excepting a period from January 7, 1907, to November 1, 1910, during which last mentioned period McGraham was actively employed as a merchant policeman in and for the City of Rockford, and received for such services as merchant policeman, $40 per month from the City of Rockford, payable each and every month, and a like sum from individuals and persons interested in the maintenance and support of such service; that the total time of service of said McGraham as such policeman and merchant policeman in and for the City of Rockford was sixteen years and eighteen months; that McGraham, while a member of such regular police force in the City of Rockford, died January 7, 1912; that at the time of his death he had served the City of Rockford as such regular police officer for more than ten years, and was at the time of his death in the active service and employment of said city, and was receiving for his services as such regular policeman $80 per month, payable each month; that petitioner and said McGraham were lawfully married on November 15, 1891, and lived together as husband and wife in said city until he died, and at his death petitioner was his lawful wife, and there survived him petitioner as his widow, and two children, each then under the age of sixteen years. The petition further set out in full an ordinance alleged to have been passed

by the City Council of the City of Rockford on April 4, 1910, and which became effective on April 7, 1910. Said ordinance is substantially word for word the same as the legislative act above referred to. The petition further alleged that at the date of the death of said McGraham and at the date of the filing of said petition, said ordinance was in full force and effect in the City of Rockford; that, in accordance with the laws of the State of Illinois and the ordinances of the City of Rockford, the petitioner was on the date of the death of said McGraham, and since said date, and at the time of filing said petition is entitled to receive from such pension fund one-half the salary paid to such policeman, not to exceed $600 per year; that the petitioner is the widow of said policeman and has not remarried; that there is now in the hands of the treasurer of the said board of trustees of the police pension fund $4,000, accumulated and acquired from the various sources defined in said ordinance for the purposes set forth in said ordinance; that petitioner is entitled to receive the benefits under said ordinance during each and every month; and that by the terms thereof she is entitled to receive twelve instalments each year of $40 each, but the same has never been paid by said trustees nor any part thereof, and there is now due her from said fund $1,040; that she has made demand in writing upon said board of trustees for the payment of said money, a copy of which demand is attached to the petition and made a part thereof; that such demand for payment has been wholly refused by said board and said board unlawfully withholds such payment contrary to the statute and said ordinances.

Several objections to said petition which are strongly argued by appellants are not raised upon this record. It is argued by appellant that the petition is fatally defective in not alleging facts to show that an ordinance creating the office of policeman in the City of Rockford was duly adopted by a vote of

two-thirds of all the duly elected aldermen; that the allegation that McGraham was duly appointed assistant marshal and policeman for the City of Rockford is not sufficient; that the petition should not only have shown that McGraham was duly nominated and duly confirmed to that office originally, but should also have shown that he was duly nominated and confirmed every two years thereafter; and that the petition is fatally defective in not alleging that one per cent. per month of McGraham's salary was either deducted for said police pension fund or was paid by McGraham into that fund. Each of these objections relates to a matter of form and not to a matter of substance. The matter of substance is that McGraham served as a member of the police force by lawful authority for the time indicated. The details of the method by which he acquired and held that position are pure matters of form. Since the enactment of certain statutes in the reigns of Elizabeth and Anne, a general demurrer to a pleading will not reach matters of form, but only matters of substance; and matters of form must be questioned by a special demurrer particularly pointing out the omission or defect in the matter of form. 1 Chitty's Pl., 663, 664; Heard's Civil Pleading, 106, 107. The original demurrer assigned two special causes, namely: that McGraham had not served ten consecutive years when he died and that the petition did not show a demand for payment before March 12, 1914. The first of these objections will be considered in passing upon the second special demurrer. As to the second of said causes alleged in the first special demurrer, it is sufficient to say that McGraham died on January 7, 1912, and that the ordinary statute of limitations applies to this action of mandamus, and that a demand on March 12, 1914, and the institution of this suit on April 2, 1914, were each within the statute. Section 13 of the statute and section 13 of the ordinance each provides for cases where there are not sufficient moneys in the

police pension fund to pay the allowances of such board to the beneficiaries, and that in such case they shall be paid pro rata from said fund. With that provision in force, no harm could come to the fund by delay in instituting suit, and the delay here referred to cannot be treated as laches. The petition averred that the fund on hand amounted to $4,000. If, by reason of other beneficiaries having a lawful claim upon the fund, the full amount due Mrs. McGraham by the terms of the statute and the ordinance could not be paid without depriving other beneficiaries of some part of that which is also due to them, that defense, being particularly within the knowledge of the respondents, should be interposed by answer. The record filed here does not contain the answer which was filed and which was withdrawn.

The first special cause assigned under the second demurrer was that the petition showed that McGraham had not duly served as a duly commissioned policeman or member of the regularly constituted police force in the City of Rockford for the ten consecutive years last prior to his death; and the fourth was that the petition did not show that McGraham had served as a member of the police force for ten years after the ordinance took effect. The ordinance went into effect on April 7, 1910, and the fund began to be accumulated immediately thereafter from nine different sources specified in the ordinance, one of the sources being the withholding each month of a certain portion of each policeman's salary. Under the construction here contended for, there could be no payment of benefits out of said fund until the ordinance had been in force ten years, and the family of any policeman who contributed by compulsion thereto and died before the expiration of the ten years would have no right to any benefit from said fund. Such a construction is not reasonable, and we are convinced from a reading of the entire statute and of the entire ordinance that no

such result was intended. We also conclude the services need not be continuous (*Hess v. Board of Trustees of City of Bloomington,* 188 Ill. App. 8), though we hold that it is here alleged to have been continuous. The second special cause assigned under the second demurrer is that the petition does not show that Mrs. McGraham was dependent upon her husband for support. While there is a slight confusion in one or two places in the statute and in the ordinance where the word "dependent" is used, yet it is clear to us from a reading of said act, and especially sections 3 and 6, that the pension is payable in any event to the widow, and if there be no widow, then to such child or children as shall be under the age of 16 years, or if there be none such, then to such parent or parents as is or are dependent upon such policeman for their support, and that the word "dependent" applies only to the parent or parents. The third special cause assigned under the second demurrer is that the petition does not show that McGraham was a member of the regularly constituted police force in the City of Rockford when the ordinance took effect. There is nothing in this statute or in this ordinance to indicate that the fund was so established as only to be for the benefit of those who were policemen when the ordinance was adopted. No such meaning can be attributed to the act or the ordinance. This police pension fund may remain in force for very many years, and all of those who were in service at the time it was adopted may be dead long before the fund ceases. A statute which would take from the pay of subsequent policemen a sum of money each month for this fund, but which would debar all those who shall contribute to it from sharing in the fund except those who were in office when the ordinance was adopted, would be invalid. Indeed, section 3 of the act and section 3 of the ordinance each expressly shows that the fund is to be for the benefit not only of those who were members of the

force when the ordinance was adopted, but of those who thereafter become members of the force. Under that section, a policeman must have served twenty years, but the portion of section 6 above cited applies to policemen who have served ten years. Moreover, the petition avers that at the time of his death McGraham had served the City of Rockford as such regular police officer for more than ten years. There was a period from January 7, 1907, to November 1, 1910, during which time he was actively employed as a merchant policeman in and for the City of Rockford and was paid one-half of his wages by the City of Rockford, and there is nothing to show or imply that his services as a merchant policeman made him any other than a policeman in the City of Rockford. It is obvious from the allegations of the petition that the services which he then performed were as a regular police officer in the employ of the City of Rockford, and under the petition he had been a member of the police force for more than ten years. The fifth special cause assigned under the second demurrer is that the petition does not show that satisfactory proof was made to the trustees of McGraham's death and that he left a widow and children dependent upon him for support, and that he was a member of the police force when he died and left a widow and children. This point is not argued in appellant's briefs, and is therefore abandoned and waived, as held in *Banfill v. Twyman,* 172 Ill. 123; *Harrow v. Grogan,* 219 Ill. 288; *Bower v. Livingston,* 251 Ill. 330; *Biewer v. Mueller,* 254 Ill. 315, and in many other cases. These are all the grounds of special demurrer assigned, and in our judgment none of them is well taken. We consider the petition sufficient in substance, and the judgment is therefore affirmed.

*Affirmed.*