Baker and Conrad, Inc., for Use of New Amsterdam Casualty Company, Appellant, v. Chicago Heights Construction Company, Appellee.

Gen. No. 37,906.

Opinion filed November 20, 1935.

McKENNA, HARRIS & SCHNEIDER, of Chicago, for appellant; GEORGE T. SCHNEIDER and ABRAHAM W. BRUSSELL, of Chicago, of counsel.

KIRKLAND, FLEMING, GREEN & MARTIN, of Chicago, for appellee; DAVID JACKER, JOHN M. O'CONNOR, JR., and WILLIAM H. SYMMES, all of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an order of the superior court sustaining a demurrer of the defendant Chicago

Heights Construction Company, a corporation, to a declaration filed by the plaintiff Baker & Conrad, Incorporated, a corporation, for use of New Amsterdam Casualty Company, a corporation, in an action to recover damages from the defendant because of its alleged negligence.

It appears from the record that after the jury had been impaneled to try the cause on the plea of not guilty, filed to the declaration, leave was granted to defendant to withdraw its plea and demur *ore tenus*. After argument the demurrer was sustained and an order of *nil cepit* was entered with costs versus plaintiff, from which this appeal has been taken.

The declaration consisted of three counts and from them we gather the following facts:

On March 12, 1929, Baker & Conrad, Incorporated, plaintiff, was engaged in the excavating business in Illinois and it came automatically under the provisions of section 3 of the Workmen's Compensation Act, Ill. State Bar Stats. 1935, ch. 48, ¶ 202; that the defendant was engaged in the business of erecting and demolishing structures and as such was also automatically under the provisions of section 3 of the Workmen's Compensation Act; that as part of its business the defendant, Chicago Heights Construction Co., by a contract with Montgomery Ward & Company, undertook to remodel and reconstruct a certain building erected in the City of Chicago Heights in Cook county, Illinois; that subsequent thereto the defendant entered into a verbal agreement with the plaintiff in regard to certain excavating work to be done by the plaintiff on such building premises and to pay the plaintiff the sum of $1,800 for such work. It was necessary to clear out certain excavated material from under the building and plaintiff sublet such work to one John Cordes who was the owner of certain teams and shovels and who employed men to do such excavating work. John Cor-

des entered into his work on the premises by virtue of his contract with the plaintiff, Baker & Conrad, Incorporated, and among the men employed was one Luther Storey. John Cordes was also operating under the provisions of the Workmen's Compensation Act. That Chicago Heights Construction Company was at that time engaged in one of the businesses enumerated in section 3 of the Workmen's Compensation Act and that the accidental death of said Luther Storey was caused under circumstances claimed to create legal liability for damages in said Chicago Heights Construction Company.

On February 27, 1929, the New Amsterdam Casualty Company, one of the plaintiffs, had issued an insurance policy indemnifying and insuring Baker & Conrad, Incorporated, the plaintiff, against any loss which Baker & Conrad, Incorporated, might sustain under the Workmen's Compensation Act. In said policy it was provided that the said New Amsterdam Casualty Company would be subrogated to any and all rights had by said Baker & Conrad, Incorporated, against any third party when any such third party caused losses by virtue of the Workmen's Compensation Act, to fall on the New Amsterdam Casualty Company.

It is further alleged in the said counts of the declaration that while John Cordes was working on the premises with his men, including Luther Storey, the defendant negligently and carelessly engaged in the altering and removing of the said building and failed to use proper support beams, lumber and shoring to maintain and support the building, and as the result of such negligence of the defendant, the building fell apart and toppled over, causing part of the building to fall into the excavation and kill Luther Storey, the employee of John Cordes; that such death of Luther Storey occurred without any negligence on his part or on the part of Baker & Conrad, Incorporated, or any

of its employees, or on the part of John Cordes or any of his employees.

Luther Storey left a widow, who filed application for compensation under the Workmen's Compensation Act, and after a hearing the arbitrator of the industrial commission found that the widow was entitled to compensation from Baker & Conrad, Incorporated, one of the plaintiffs, on the ground that on March 12, 1929, John Cordes was the direct employer of the deceased; that he was without insurance and that Baker & Conrad, Incorporated, plaintiff, was the contractor and was liable under section 31 of the Workmen's Compensation Act.

The declaration further alleges that by virtue of the award the New Amsterdam Casualty Company, one of the plaintiffs, has made payment to the widow of the deceased and is further liable to the widow for a definite sum. It is further claimed by the plaintiff that the New Amsterdam Casualty Company by virtue of the provision of the policy of insurance, became the subrogee of the right of action which Baker & Conrad, Incorporated, has by virtue of section 29 of the Workmen's Compensation Act of the State of Illinois.

It is further alleged in the declaration that by virtue of said policy it was agreed that the New Amsterdam Casualty Company, the plaintiff, should be subrogated to any and all rights that said Baker & Conrad, Incorporated, might have against any party by virtue of which the New Amsterdam Casualty Company, plaintiff, became liable for and did pay losses arising under the Workmen's Compensation Act; that as a result of said policy the New Amsterdam Casualty Company became liable to pay, has paid and is continuing to pay the award described in the declaration and that by virtue of such the New Amsterdam Casualty Company is the subrogee of Baker & Conrad, Incorporated. We are asked to so construe the Work-

men's Compensation Law of Illinois as well as the common law so as to sustain the declarations under one theory or the other.

The demurrer *ore tenus* filed by the defendant was the equivalent of a general demurrer. *People ex rel. McGraham v. Armstrong,* 196 Ill. App. 199.

The two sections of the Workmen's Compensation Act which counsel agree are pertinent to the controversy herein, are sections 29 and 31 of chapter 48, pars. 229 and 231, Cahill's Ill. Rev. Statutes 1933, and read as follows:

"229. RIGHTS OF EMPLOYEE AND EMPLOYER WHERE INJURY OCCASIONED BY THIRD PERSON.] § 29. Where an injury or death for which compensation is payable by the employer under this Act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this Act, or being bound thereby under section three (3) of this Act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee. Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this Act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's pay-

ment of or liability to pay compensation under this Act, but in such case if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or his personal representative; *Provided,* that if the injured employee or his personal representative shall agree to receive compensation from the employer or to institute proceedings to recover the same or accept from the employer any payment on account of such compensation, such employer shall be subrogated to all the rights of such employee or personal representative and may maintain, or in case an action has already been instituted, may continue an action either in the name of the employee or personal representative or in his own name against such other person for the recovery of damages to which but for this section the said employee or personal representative would be entitled, but such employer shall nevertheless pay over to the injured employee or personal representative, all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, and all costs, attorneys' fees and reasonable expenses incurred by such employer in making such collection and enforcing such liability.''

''231. LIABILITY OF EMPLOYER—COMPENSATION OF EMPLOYEES OF CONTRACTOR OR SUB-CONTRACTOR—RECOVERY OVER FROM CONTRACTOR AND SUB-CONTRACTOR—LIMIT TO INJURIES ON IMMEDIATE PREMISES.] § 31. Any one engaging in any business or enterprise referred to in sub-sections 1 and 2 of section 3 of this Act who undertakes to do any work enumerated therein, shall be

liable to pay compensation to his own immediate employees in accordance with the provisions of this Act, and in addition thereto if he directly or indirectly engages any contractor whether principal or sub-contractor to do any such work, he shall be liable to pay compensation to the employees of any such contractor or sub-contractor unless such contractor or sub-contractor shall have insured, in any company or association authorized under the laws of this State to insure the liability to pay compensation under this Act, or guaranteed his liability to pay such compensation.

"In the event any such person shall pay compensation, under this section he may recover the amount thereof from the contractor or sub-contractor, if any, and in the event the contractor shall pay compensation under this section he may recover the amount thereof from the sub-contractor, if any.

"This section shall not apply in any case where the accident occurs elsewhere than on, in or about the immediate premises on which the principal has contracted that the work shall be done."

It is contended by the plaintiff that these two sections of the statute should be so construed as to create a liability against the defendant, Chicago Heights Construction Company, for the death of Luther Storey which right of action became vested in the plaintiff, Baker & Conrad, Incorporated, and by the terms of the insurance policy was assigned to the other plaintiff, New Amsterdam Casualty Company.

At the expense of repetition we will again state the relationship of the parties. Chicago Heights Construction Company was the original contractor. Baker & Conrad, Incorporated, one of the plaintiffs here, was the subcontractor who was insured by the New Amsterdam Casualty Company, who claims to be the subrogee. John Cordes was the sub-subcontractor and the

deceased Luther Storey was the employee of John Cordes. Cordes was not insured.

It is admitted in the declaration that the liability for the death of Storey was adjudged by the industrial commission against the plaintiff, Baker & Conrad, Incorporated, and assumed by the coplaintiff New Amsterdam Casualty Company and paid by the latter. The plaintiff Baker & Conrad, Incorporated, had as the statute provides, insured itself against all claims arising under the statute. It has paid out nothing; it has lost nothing and, consequently, has sustained no damage. But, for anything that appears in the declaration, plaintiff Baker & Conrad, Incorporated, may have recovered from John Cordes, the subcontractor, any claimed damages, as provided by statute. We are asked to so construe the statute by implication that damages to the employees of the sub-subcontractors shall become a liability of the original contractor. We do not see that we can read into the law anything which is not plainly there, as has been stated by our Supreme Court in the case of *Morris & Co. v. Industrial Commission,* 295 Ill. 49, wherein the court said:

"This court must be governed by the law and can only enforce liability under its terms and provisions. We have, in accordance with the objects and intent of the Workmen's Compensation Act, construed it liberally in favor of the employee, but we cannot create a liability where the law creates none, . . ."

The statute speaks of subcontractors, but in no place does it include the employees of sub-subcontractors. Cases involving the Workmen's Compensation Act have been before the Supreme Court many times, but in no instance has it held that a contractor is liable for the injury of the employees of sub-subcontractor.

In *Halpin v. Industrial Commission,* 319 Ill. 130, it appeared that Halpin was a contractor and at the time in question was erecting two buildings and had

various materials for construction work hauled to the respective premises; that one Perry worked for Mrs. Van Kirk and Henry Van Kirk, her son, and that Henry Van Kirk applied to Halpin for work, and an arrangement was made whereby Van Kirk was to use his mother's team and wagon for hauling building materials, and on the day of the accident the deceased Perry was driving Henry Van Kirk's wagon when the accident occurred. The court said in the course of the opinion in regard to section 31 of the Workmen's Compensation Act:

"The chief purpose of this provision in the act is to protect employees of subcontractors in case the latter are not financially responsible, and the act makes the principal employer liable the same as if he had directly hired the employees for the work which such principal employer is carrying on.

. . . . .

"Counsel for defendant in error now say in their brief in this court that they are impressed with an entirely new light; that plaintiff in error was the employer of Perry and was directly liable as such, and that liability under section 31 is an alternative contention. . . . The claim was prosecuted under the liability imposed by section 31, and the arbitrator and circuit court held plaintiff in error liable and based an award upon that section. At no time was it suggested that plaintiff in error was the employer of Perry and directly liable as such. The question now raised was never raised at any stage until the case reached this court, has never been passed upon by the lower court, and was not presented to or argued in that court by counsel on either side. It would seem unfair to plaintiff in error to affirm the award, under the circumstances, on the ground now urged. But even if defendant in error has the right to raise the question for the first time in this court it cannot avail, for under the

undisputed facts plaintiff in error was not directly liable as the employer of Perry."

As to the claim that the declaration states a cause of action at common law, it is quite apparent from a reading of it that this contention cannot be sustained for the reason that, being based on a personal injury causing death, an action sounding in tort is not recoverable at common law. Right of recovery is wholly statutory. Secondly, the cause of action for tort is not assignable, as against public policy. Such cause of action is vested solely in the next of kin. *North Chicago St. R. Co. v. Ackley,* 171 Ill. 100; *Cameron v. Illinois Steel Co.,* 162 Ill. App. 461. The Workmen's Compensation Act specifically forbids bringing either common law or statutory actions. Section 6 of the Compensation Act, Cahill's Ill. Rev. St. 1933, ch. 48, ¶ 206, reads as follows:

"§ 6. No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury; . . ."

Having examined all the counts of this declaration and the law applicable thereto, we have failed to find sufficient allegations to state a cause of action under the statute or at common law. We think the demurrer was properly sustained and for the reasons stated in this opinon the order and judgment of the superior court are accordingly affirmed.

*Order and judgment affirmed.*

HALL, P. J., and HEBEL, J., concur.